# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**GREEN TREE SERVICING LLC**                                                         **APPELLANT**

**VS.**                                                       **CIVIL ACTION NO.: 3:15-cv-00019-MPM**

**GLORIA NEAL**                                                                         **APPELLEE**

## ORDER

The sole issue in this bankruptcy appeal in whether this court should reverse the bankruptcy judge on the basis of an evidentiary ruling which he made at a hearing to determine the valuation of a piece of collateral. The court has reviewed the parties' briefing and submissions, and, having done so, it concludes that the bankruptcy judge's ruling should be affirmed.

The facts of this appeal are rather straightforward. Appellant Green Tree Finance, LLC ("Green Tree") filed a proof of claim in appellee Gloria Neal's Chapter 13 bankruptcy case in the amount of $36,419.87. The claim was secured by a 2000 Champion mobile home, which appellant contended had a value of $27,083.18. Appellee objected to appellant's valuation, asserting that the mobile home was worth only $8,500.00. On November 13, 2014, a hearing was held before the bankruptcy judge to decide this valuation issue. At the hearing, counsel for appellant attempted to admit into evidence a photocopy of a National Automobile Dealers Association valuation print-out ("NADA report"), ostensibly for a mobile home of the same make, model and year as the one in this case. Counsel for appellee objected to the admission of

the NADA report on authentication grounds. In so doing, counsel expressed concerns about a previous hearing in which, he contended, Green Tree had sought to introduce a NADA report which was actually for a different size mobile home than the one at issue in the hearing.

Faced with this objection, the bankruptcy judge stated that, under his reading of the Federal Rules of Evidence, the NADA report did not fit under any of the categories of self-authenticating evidence set forth in FRE 902. The bankruptcy judge asked counsel for appellant to point out any provision of section 902 which might be applicable, but counsel did not cite any such provision. Counsel for appellant likewise offered no authenticating witness, and the bankruptcy judge accordingly sustained the appellee's objection. Approximately two and a half weeks later, on December 3, 2014, the bankruptcy judge entered a written order in which he found that the valuation of the mobile home was $20,000 and in which he reiterated his prior ruling sustaining the authentication objection. In that order, the bankruptcy judge reiterated that counsel for appellant had not cited any potentially applicable self-authentication provision and that he had likewise failed to present an authenticating witness. Disagreeing with this ruling, appellant filed an appeal to this court.

In the court's view, this appeal suffers from two serious defects, either of which is sufficient to doom its chances. First, appellant mis-states the applicable standard of appellate review in this case, and it offers no arguments based on the proper standard. In its brief, appellant simply states that: "[t]his matter involves findings of law and is therefore subject to *de novo* review." Appellant cites *United States v. Rangel-Portillo*, 586 F.3d 376, 379 (5th Cir. 2009) in support of this proposition, but *Rangel-Portillo* involved an appeal of the denial of a criminal defendant's motion to suppress and has no apparent relevance to the instant bankruptcy

appeal.

The Fifth Circuit has stated that the correct standard of review in bankruptcy appeals is as follows:

> We review the Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo, as did the District Court. *In re Pratt*, 524 F.3d 580, 584 (5th Cir. 2008). We review a Bankruptcy Court's evidentiary rulings under an abuse of discretion standard. *In re SGSM Acquisition Co., LLC*, 439 F.3d 233, 239 (5th Cir. 2006).

*In re Repine*, 536 F.3d 512, 518 (5th Cir. 2008). *See also In re Vallecito Gas, L.L.C.*, 771 F.3d 929, 933 (5th Cir. 2014). It is thus clear that an abuse of discretion standard applies to reviews of evidentiary rulings in bankruptcy appeals, and this appeal plainly involves an evidentiary ruling. It should be readily apparent why a deferential standard of review applies to evidentiary rulings such as the one in this appeal. Indeed, trial courts are required to make numerous evidentiary rulings in a typical trial, and if they were each reviewed on a *de novo* basis, then it is likely that few trials would withstand appellate review. This deferential standard of review is clearly problematic for appellant, since it offers no arguments that the bankruptcy judge abused his discretion in sustaining appellee's objection to the NADA report. For the reasons discussed below, this court concludes that no such abuse of discretion occurred in this case.

A second serious weakness in this appeal is the fact that appellant relies upon arguments and authorities which it did not present to the bankruptcy judge, in spite of specific requests by that judge for such authorities. In its briefing before this court, appellant relies upon *In re Roberts*, 210 B.R. 325, 330 (Bankr. N.D. Iowa 1997), which held that "the NADA Blue Book can stand on its own as an admissible exhibit and as substantive evidence without further foundation." While *Roberts* does appear to constitute helpful persuasive authority in support of

appellant's position, the bankruptcy judge did not have occasion to consider it, since it was not brought to his attention, either at the hearing or in subsequent briefing.

  The Fifth Circuit has emphasized in a related context that "[a]lthough on summary judgment the record is reviewed de novo, this court for obvious reasons, will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992) (*citing Nissho–Iwai American Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir.1988)). This court would not necessarily regard the citation of a new case or other authority to be improper, so long as it merely served to flesh out an argument which was fairly presented to the trial court. In this case, however, appellant relies upon *In Re Roberts* and a number of other decisions in support of an argument that there is a wide judicial consensus in support of the view that NADA reports are self-authenticating. As discussed below, this court does not regard this argument as being accurate, but, at any rate, it is clearly a contention that was not presented to the bankruptcy judge for his consideration.

  Thus, even if this court is somehow mistaken regarding an abuse of discretion standard applying in this context, appellant's extensive reliance upon new authorities and arguments is still improper in its own right. As the Fifth Circuit noted in *Skotak*, the reasons for such should be obvious. As a trial court, this court understands well that, when faced with a contemporaneous objection, a judge relies heavily upon the parties to present arguments and authorities demonstrating how a particular piece of evidence either is or is not admissible based upon relevant standards. Clearly, if parties were allowed to present new arguments and authorities in this regard on appeal, then this would be quite unfair to the trial court which never

had the opportunity to consider them. This would clearly result in a large number of reversals and re-trials, and, as such, this issue is clearly not a mere "technical" one, but rather one which implicates basic considerations of fairness and judicial economy.

Appellant's reliance upon new arguments and authorities seems particularly inappropriate in this appeal, since, at the November 13, 2014 hearing, the bankruptcy court repeatedly asked counsel for appellant to point out any provision of FRE 902 which rendered the NADA report self-authenticating. The exchange between the bankruptcy judge and counsel for appellant was as follows:

> MR. RAWLINGS: The only proof I have would be the NADA value guide.
> MR. FAVA: Your Honor, I object to the entry of that into evidence.
> THE COURT: Okay. What's the basis of the objection?
> MR. FAVA: There's no foundation. There's no authenticity.
> THE COURT: All right. It's not self authenticating. Rule 902 is self authenticating. It's not self authenticating. It's also not hearsay, but you gotta get it in.
> MR. RAWLINGS: 803.17 --
> THE COURT: 803.17 says it's not hearsay, but it's not self authenticating. I need somebody to say this is the NADA report in the absence of a stipulation. Otherwise you're just telling me that's what it is and he's not stipulating that that's true. I agree with you it is not hearsay. Clearly under 803.17 it's not hearsay, but 902 is documents that are self authenticating and don't need any additional evidence. Now, typically no one objects and we all agree that NADA is NADA and we just let it in, but if there is an objection, I don't think it can come in.
> MR. RAWLINGS: I would proffer it as a trade periodical that is self authenticating because it's relied upon in the industry as well as this Court for --
> THE COURT: Right, but 902 is self authentication and trade periodicals are not in there unless I'm missing it. Trade periodicals is in 803 it says it's not hearsay. Self authenticating documents are more public documents where you get a seal from a clerk of court, certified copies and the like. Show me where I'm missing it and I'll take a look and I very well may be missing it.
> Official publications are in 902 and the 902.5, but that is a book, pamphlet or other publication purporting to be issued by a public authority. This is more NADA the commercial enterprise. Newspapers and periodicals, that's not what this is, it's obviously not commercial paper.
> (Pause)
> THE COURT: I just don't see that it's self authenticating. I don't see where it's in

> 902. You need something to get it in to show that this is, in fact, the correct document that for that time period for that mobile home, that's the current valuation and some way to get it in. In the absence of a stipulation. You overcome hearsay, but you don't overcome authentication, which is the threshold issue.
> MR. RAWLINGS: Which means you need a sponsoring witness for an NADA valuation.
> THE COURT: You do.
> MR. RAWLINGS: So then what's the predicate for the person that has to be an expert (indiscernible)?
> THE COURT: Well, I think you can have a witness that says, I've reviewed NADA, here's what it is, here's what it says. Here's the cover. Here's the mobile home in question. Here's the year, here's the model, here's the manufacturer. It's this date, it's this year. It's a current and you just need somebody to get it in. Again, usually people agree, but if he doesn't agree, I don't see how you get it in.
> MR. FAVA: Your Honor, I recall last month there was a similar situation where Mr. Rawlings attempted to submit an NADA valuation and it wasn't even the same mobile home that was at issue, so that's one of the biggest issues that I have with the (indiscernible).
> THE COURT: Well, I understand. That's not evidence in this case, but I understand and that's what authentication is meant to avoid is to be sure we have the document and what the proponent says that it is. ...
> MR. RAWLINGS: I would proffer this and I guess we'll (indiscernible).
> THE COURT: Okay. All right. Well I'm going to sustain the objection because the document is not authenticated. I understand your objection, but the document will not be admitted.
> MR. RAWLINGS: I would like to proffer it as an exhibit.
> THE COURT: That's okay. All right. Any witnesses? Any further argument?
> MR. RAWLINGS: No, Your Honor. We would like to state for the record that the NADA shows that the value is $27,083.18.

[Transcript at 13-15].

Thus, the bankruptcy judge made clear that he did not view any of the provisions of FRE 902 as being applicable, and counsel for appellant failed to cite any such provision which, he contended, applied in this case. In its briefing on appeal, appellant makes arguments which are quite different from those that it made before the bankruptcy court. For example, appellant argues in its briefing before this court that:

> [T]he NADA appraisal guide is a publication falling under the categories of either a periodical or newspaper under FRE 902(6). See, *Evidence Without Experts:*

*Property Issues*, American Bar Association November 2013, Vol. 3, No. 4
(stating that the print versions of the N.A.D.A. publication is self-authenticating
under FRE 902(6)).

Thus, appellant has essentially provided a belated response to the bankruptcy court's query, contending that the 902(6) provision for "printed material purporting to be a newspaper or periodical" is applicable here.

While it is far from clear to this court that a NADA guide is a "newspaper" or "periodical," the crucial point is that this argument was not made before the bankruptcy judge at all.[1] Appellant did argue at the hearing that the NADA guide was a "trade periodical," but the bankruptcy court clearly took that argument to refer to FRE 803(18)'s hearsay exception for "learned treatises, periodicals and pamphlets." As quoted above, the bankruptcy court specifically asked appellant to cite the FRE 902 provision applicable to "trade periodicals," stating that:

> THE COURT: Right, but 902 is self authentication and trade periodicals are not in there unless I'm missing it. Trade periodicals is in 803 it says it's not hearsay. Self authenticating documents are more public documents where you get a seal from a clerk of court, certified copies and the like. Show me where I'm missing it and I'll take a look and I very well may be missing it.

In response to this specific query, the transcript reveals no mention by counsel for appellant of FRE 902(6) or any other 902 exception. When the bankruptcy judge specifically stated his understanding that appellant was arguing that the NADA report was a "trade periodical" under FRE 803, it was clearly incumbent upon appellant to correct that mis-understanding, if such was

---

[1] In so stating, the court notes that FRE 803(17) has a special hearsay exception for "market quotations, lists, directories, or other compilations that are generally relied on by the public or by persons in particular occupations." It is certainly arguable that this specific provision, and not a catch-all reference to "periodicals," is the one applicable to NADA reports. The bankruptcy judge clearly believed this to be the case.

inaccurate. Having failed to do so, appellant essentially adopted the district judge's assertion that it was merely responding to an authentication objection with a hearsay argument, and it may not argue for the first time on appeal that one of the self-authentication exceptions is applicable.

This court notes that the bankruptcy judge did not issue a formal written order until December 3, 2014, and there is no indication that appellant made any post-hearing submissions which served to clarify its position or to provide additional authorities for him to consider. In his December 3 order, the bankruptcy judge wrote as follows:

> Counsel for the Creditor also appeared at the hearing, but presented no witnesses. Counsel attempted to admit into evidence a photocopy of a National Automobile Dealers Association valuation print-out, ostensibly for a mobile home of the same make, model and year as the Mobile Home (the "NADA Report"). The Debtor objected to the admission of the NADA Report on authentication grounds. Counsel for the Creditor argued that the NADA Report was admissible under Federal Rule of Evidence 803, providing an exception to the rule against hearsay for market reports of this type. FED. R. EVID. 803(17). The Court sustained the objection, and the NADA Report was excluded from evidence. As explained by the Court at the November 13 hearing, the Creditor's underlying problem with admission of the NADA Report was not based in hearsay. Instead, the Creditor's evidentiary shortcoming lies with the Creditor's inability to have the NADA Report authenticated. . . .
>
> Federal Rule of Evidence 901 mandates that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." The most common means of authenticating evidence is through the testimony of a witness with knowledge, confirming that the item is what it is claimed to be.1 FED. R. EVID. 901(b)(1). As stated above, the Creditor failed to provide such a witness. Also, Rule 902 provides that certain documents or evidence are self-authenticating. However, none of the twelve categories of self-authenticating evidence are applicable to the NADA Report, which was confirmed by counsel for the Creditor when pressed. Accordingly, without a party to testify as to the authenticity or identity of the NADA Report, it could not be admitted into evidence. As a practical procedural matter, evidence such as the NADA Report may be admitted into evidence, irrespective of the Federal Rules of Evidence, upon stipulation of the parties. However, in the matter at hand, the Debtor did not stipulate to the NADA Report's admission and in fact specifically objected on authentication grounds.

8

[Slip op. at 2-3]. Thus, the bankruptcy judge gave no indication in his December 3 written ruling that, in the weeks between the hearing and order, appellant had provided any additional authorities to him. This court reviewed the bankruptcy court docket and likewise found no supplemental briefing in this regard.

This court notes parenthetically that, while appellant's new authorities are procedurally barred, some of them do not appear to be as helpful to its position as it suggests. For example, appellant relies upon *Hess v. Riedel Hess*, 794 N.E.2d 96 (Ohio App. 2003) in its appellate briefing, but this court does not view this decision as indicating that a NADA report is self-authenticating. To the contrary, the Ohio appellate court in that case appeared to specifically rely upon authenticating testimony of the appellee in that case, writing that:

> NADA guidelines in print form and on the Internet are highly reliable and used widely by the general public. Further, a review of the record reveals that appellee testified that she recognized that the NADA guidelines submitted as evidence as the same values she had calculated herself on NADAguides.com. Appellee's testimony was sufficient to support a finding that the exhibit was what its proponent claimed it to be.

*Hess*, 794 N.E.2d at 103. Thus, the Ohio appellate court in *Hess* appeared to rely upon the authenticating testimony of a witness, which quite arguably supports the bankruptcy court's conclusion that the NADA guide was not self-authenticating.

While this court thus does not regard appellant's authorities as being nearly as conclusive as it suggests, the more important point is, to reiterate, that these authorities were not submitted to the bankruptcy court at all. In a future case, appellant may respond to any authentication objection to a NADA report with authorities such as FRE 902(6) and *In Re Roberts* in support of an argument that it is self-authenticating. Faced with such citations, perhaps the bankruptcy judge will agree that the evidence is self-authenticating, or perhaps he will conclude, like the

9

court in *Hess*, that some other authenticating evidence is required. If an appeal is made to this court from such a ruling, then it will evaluate that appeal on its merits.

In this appeal, however, based on the arguments which were actually presented to the bankruptcy judge, this court has little difficulty in concluding that he did not abuse his discretion. Indeed, it should be apparent that, when the bankruptcy judge specifically asked appellant for either authenticating evidence or a citation to an applicable self-authentication provision, and none was provided, that did not give him a great deal with which to work. Appellant argues that the bankruptcy judge should have taken judicial notice of the authenticity of the NADA report, but this court does not believe that appellant made the kind of showing that would support such a finding. The same applies to appellant's argument that the bankruptcy judge should have found the NADA report to have been authentic under 901(b)(4),[2] since it made no arguments which would have supported such a ruling. Indeed, once again, appellant implicitly adopted the bankruptcy judge's assertion that it was arguing in terms of the FRE's hearsay, not authentication, exceptions, by failing to correct his stated impression in this regard.

Having so stated, this court does acknowledge that, if this matter had been fully briefed and argued before the bankruptcy judge, then appellant would have had a reasonable position to argue. Indeed, this court can fully understand the policy considerations against establishing an overly onerous authentication requirement in this context, since there does appear to be a certain

---

[2]This section provides that:
To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. (b) Examples. The following are examples only — not a complete list — of evidence that satisfies the requirement ... (4) Distinctive Characteristics and the Like. The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.

degree of inherent reliability to NADA reports.  On the other hand, this court can also see a reasonable argument that none of the FRE 902 categories apply to NADA reports, as the bankruptcy judge clearly believed to be the case.  The Federal Rules of Evidence's authentication requirements can not simply be wished out of existence, and it appears that this is an issue in which some sort of district-wide holding or rule regarding the interaction between these policy considerations and legal standards would be helpful.  This is not the proper case in which to establish such standards, however, given the limited arguments which were submitted to the bankruptcy court.

In this appeal, this court merely concludes that the bankruptcy judge took a careful approach to addressing appellee's authentication objection and made a ruling which was clearly not an abuse of discretion.  Indeed, based on the arguments before him, this court does not believe that the bankruptcy judge's ruling can even be said to have been erroneous.  That ruling will therefore be affirmed.

It is therefore ordered that the bankruptcy judge's ruling is affirmed.

So ordered, this, the 25th day of February, 2016

                                    **/s/ MICHAEL P. MILLS**
                                    **UNITED STATES DISTRICT JUDGE**
                                    **NORTHERN DISTRICT OF MISSISSIPPI**